UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
MARIA SAUSA,

                      Plaintiff,

            - against-

VILLAGE OF WEST HAMPTON DUNES; GARY
VEGLIANTE, Mayor of the Village of West Hampton
Dunes, ROBERT KALFUR, Building Inspector for the
Village of West Hampton Dunes, JOSEPH PROKOP,
Village Attorney for the Village of West Hampton
Dunes, JOHN AND JANE DOES #1-10, Employees/
Agents of the Village of West Hampton Dunes,

                      Defendants.
----------------------------------------------------------------X

**ORDER**
18-CV-3802 (SJF)(AYS)

FEUERSTEIN, District Judge:

        Plaintiff Maria Sausa ("Plaintiff") commenced this action alleging, *inter alia,* violations of her constitutional rights by Defendants Village of West Hampton Dunes (the "Village"), Robert Kalfur ("Kalfur"), and Gary Vegliante ("Vegliante") (collectively the "Village Defendants"), and Defendant Joseph Prokop ("Prokop"). Motions to dismiss the complaint were submitted by both the Village Defendants, *see* Motion, Docket Entry ("DE") [20], and Prokop. *See* Motion, DE [21]. Pending before the Court are all defendants' objections to the Report and Recommendation of the Honorable Anne Y. Shields, United States Magistrate Judge, dated June 10, 2019 (the "Report"), *see* DE [26], recommending, *inter alia,* that (1) the motions to dismiss Plaintiff's First Amendment retaliation claim and the abuse of process claim be denied; (2) the motions to dismiss the claims for violation of her rights under the Equal Protection Clause, malicious prosecution, and municipal liability be granted; and (3) Plaintiff be granted leave to amend to replead the dismissed claims. For the reasons set forth below, Magistrate Judge Shields' Report is adopted, as modified.

**I. STANDARD OF REVIEW**

Any party may serve and file written objections to a report and recommendation of a magistrate judge within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2). Any portion of such a report and recommendation to which a timely objection has been made is reviewed *de novo*. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(3). However, the Court is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are interposed. *See Thomas v. Arn,* 474 U.S. 140, 150, 106 S. Ct. 466, 88 L. Ed. 2 435 (1985). In addition, general objections or "objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original papers will not suffice to invoke *de novo* review." *Owusu v. New York State Ins.,* 655 F. Supp. 2d 308, 312-13 (S.D.N.Y. 2009) (internal quotation marks, alteration, and citation omitted); *see also Trivedi v. New York State Unified Court Sys. Office of Court Admin.*, 818 F. Supp. 2d 712, 726 (S.D.N.Y. 2011) ("[W]hen a party makes only conclusory or general objections . . . the Court will review the Report strictly for clear error. . . Objections to a Report must be specific and clearly aimed at particular findings in the magistrate judge's proposal." (internal quotation marks and citation omitted; alterations in original)), *aff'd sub nom Seck v. Office of Court Admin.*, 582 F. App'x 47 (2d Cir. 2014). Any portion of a report and recommendation to which no specific timely objection is made, or to which only general, conclusory or perfunctory objections are made, is reviewed only for clear error. *Owusu*, 655 F. Supp. 2d at 312-13.

## II. OBJECTIONS

### A. Defendant Prokop's Objections

Prokop objects, arguing, *inter alia,* that Magistrate Judge Shields erred in finding that he was not entitled to absolute immunity by accepting Plaintiff's argument that her allegations concern Prokop's actions in representing the Village in connection with its interactions with the New York Department of State ("NYDOS"), actions which she claims were not taken in his role as a prosecutor. Prokop Objections, at 4-6, DE [29]. Plaintiff opposes Prokop's objections. She points to the numerous correspondence and email exchanges between the NYDOS and the Village regarding building design calculations and the location of liquid propane tanks on properties located in the Village and observes that "smack in the middle of this battle . . . the [Appearance Tickets] were issued and Plaintiff was ordered to appear in court." Plaintiff's Response at 5-6. She does not contend in her response, however, that the issuance of the Appearance Tickets was not a prosecutorial action, in fact, she does not mention the tickets at all. The focus on the allegations concerning Prokop's exchanges with NYDOS is misplaced.

In the complaint, Plaintiff alleges that Prokop was the Village Attorney with the "authority for the initiation of process and prosecution of Village Code." Compl. ¶29. The question of whether Prokop's communications with the NYDOS constituted administrative or investigatory conduct, for which he would be entitled only to qualified immunity, or prosecutorial acts, for which he would be entitled to absolute immunity, is not material to Plaintiff's claims as set forth in the complaint. Plaintiff has no constitutional claim arising directly from the "battle" between the Village and the NYDOS, but rather her claims arise from the manner in which the Village allegedly retaliated against her for her whistleblowing conduct

that led to the Village's dispute with the NYDOS. The method of retaliation is expressly identified in the Complaint as the issuance of the two Appearance Tickets: "[b]ecause Plaintiff spoke out and blew the whistle on the Village's failure to comply with the Code, the Village maliciously retaliated against Plaintiff by issuing Appearance Tickets against her and prosecuting her." Compl. ¶71; *see also id.* ¶15 (alleging that the retaliatory conduct by Defendants "began by maliciously issuing process against" her); *id.* ¶66 (first paragraph under the heading "Defendants Retaliate" concerns issuance of the Appearance Tickets). While Plaintiff's *allegations* regarding Prokop's conduct are focused on his actions in representing the Village in correspondence with the NYDOS, her *causes of action* and claims of constitutional violations arise from the issuance of the Appearance Tickets and subsequent prosecution. These acts constitute the initiation and prosecution of an action against Plaintiff, plainly prosecutorial conduct, and as such, Prokop is immunized from suit arising therefrom.

Plaintiff points to language in Prokop's communications with NYDOS including his contention that NYDOS was "allowing its offices to be used by the property owner [Plaintiff] as leverage in a private dispute," Compl., Ex. 5, suggesting that Prokop has displayed his animus against Plaintiff. Absolute immunity is intended to further the "greater societal goal in protecting the judicial process by preventing perpetual suits against prosecutors for the performance of their duties." *Dory v. Ryan*, 25 F.3d 81, 83 (2d Cir. 1994). In furtherance of this objective, absolute immunity shields a prosecutor from liability "for virtually all acts, regardless of motivation, associated with his function as an advocate." *Dory,* 25 F.3d at 83 (citing *Imbler v. Pachtman*, 424 U.S. 409, 426-28, 96 S. Ct. 984, 47 L. Ed. 2d 128 (1976)). Even were Prokop's communications to be construed as evidence of some sort of animus or bias

4

against her, such information does not bear upon his entitlement to absolute immunity.

Accordingly, Prokop's objection to the Report's finding that he is not entitled to absolute immunity is sustained, and his motion to dismiss on this basis is granted. As his entitlement to absolute immunity results in dismissal of the action as against Prokop, the Court declines to address his remaining objections to the Report.

**B. Village Defendants' Objections**

The Village Defendants object to Magistrate Judge Shields' recommendation that their motion to dismiss Plaintiff's causes of action for First Amendment retaliation and abuse of process be denied, *see* Village Defendants' Objections, DE [27], on the basis that, *inter alia,* (1) the claims are barred by the applicable statute of limitations, *id.* at 5; (2) the individual defendants are entitled to qualified immunity, *id.* at 3, 9; (3) the complaint fails to state a First Amendment retaliation claim because (a) it fails to allege that there was chilling of Plaintiff's speech or that she suffered a concrete loss, *id.* at 13, and (b) there was probable cause to prosecute Plaintiff, which would serve as a defense to the claim, *id.*; and (4) the complaint fails to state a cause of action for abuse of process because (a) it fails to allege in improper purpose for the prosecution, *id.* at 14; and (b) there was probable cause to issue the Appearance Tickets. *Id.* at 16. The Village Defendants further object to the recommendation that Plaintiff be given leave to replead those claims for which Magistrate Judge Shields recommended dismissal. Plaintiff opposes the Village Defendants' objections.

Upon *de novo* review of the Report and consideration of the parties' respective objections and responses thereto, the Village Defendants' objections are overruled and that portion of the Report pertaining to resolution of their motion is accepted in its entirety.

### III. CONCLUSION

Accordingly, the Report is modified to the extent that Prokop's motion to dismiss the complaint, DE [21], is granted on the grounds that Prokop is entitled to absolute immunity from suit. The Clerk of the Court is directed to terminate Prokop as a party to the action.

The Village Defendants' objections are overruled and the remainder of the Report is accepted in its entirety. For the reasons set forth therein, the Village Defendants' motion to dismiss, DE [20], is granted in part and denied in part: the motion to dismiss the equal protection and municipal liability claims is granted; the motion to dismiss the First Amendment retaliation and abuse of process claims is denied. Plaintiff is granted leave to file an amended complaint in accordance with the Report *provided* that she serve and file the amended complaint **by no later than October 31, 2019,** or she will be deemed to have waived her right to file an amended complaint.

**SO ORDERED**.

/s/
Sandra J. Feuerstein
United States District Judge

Dated: Central Islip, New York
September 30, 2019